UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ADVANCED DISPOSAL SERVICES, INC, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:17CV31 HEA |
| AMERICAN HOME ASSURANCE CO. and JEFFREY FISHER | ) ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This declaratory judgment action concerns insurance coverage for a personal injury lawsuit currently pending in the Circuit Court of Audrain County, Missouri ("Underlying Lawsuit"). The lawsuit stems from a workplace accident that caused the alleged injuries of William Martin.

Before the Court is American Home Assurance Company's Motion for Summary judgment [Doc. 19] and Plaintiff's Motion for Summary Judgment [Doc. 22]. For the following reasons, Defendant's Motion is granted and Plaintiff's Motion is denied.

### Facts and Background

American Home issued Business Auto Policy no. CA 146-96-57 to Veolia[1] policy period of July 1, 2006 to July 1, 2007. The Insuring Agreement of the American Home Policy states, in pertinent part, as follows:

**SECTION II- LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

***

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense . . ."

***

The Who Is An Insured section contained in Section II- LIABILITY COVERAGE, contains the following pertinent provision:

**1. Who Is An Insured**

The following are "insureds":

a. You for any covered "auto"

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow . . .

***

"Covered Autos" for purposes of liability coverage include "Any 'Auto.'"

---

[1] Veolia was the predecessor to Plaintiff herein. Veolia and Plaintiff will be used interchangeably.

The Policy defines "Insured" in SECTION V- DEFINITIONS. G. to include:

\*\*\*

G. "Insured" means any person or organization qualifying as an insured in the Who is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

\*\*\*

The American Home Policy contains an Exclusion that provides that the insurance does not apply to any of the following:

**4. Employee Indemnification and Employer's Liability**

"Bodily injury" to:

a. An 'employee' of the 'insured' arising out of and in the course of:

(1) Employment by the "insured;" or

(2) Performing the duties related to the conduct of the "insured's" business:

or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or liability assumed by the "insured" under an "insured contract." For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

The Policy defines "Insured" in SECTION V- DEFINITIONS. G. to include:

***

G. "Insured" means any person or organization qualifying as an insured in the Who is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

The policy form contains a "Fellow Employee" exclusion which provides that the insurance does not apply to "bodily injury" to any "fellow employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business."

By Endorsement 86679, the Exclusion was deleted.

On April 11, 2012, William Martin filed civil action no. 12AU-CC0023 against Jeffrey Fisher in the Circuit Court of Audrain County, Missouri, ("Martin Lawsuit'). According to Martin, on April 12, 2007, he was a passenger in a garbage truck owned by Veolia and being driven by Jeffrey Fisher. Martin alleges

that Fisher negligently and carelessly operated the vehicle, so as to lose control, run off the roadway and strike a ditch, causing bodily injury to Martin.

Plaintiff asserts in its Complaint that it owned the vehicle, and that, at the time of the accident, both Fisher and Martin were within the course and scope of their employment with Plaintiff.

American Home is providing a defense to Fisher for the Martin Lawsuit, subject to a reservation of rights.

On May 19, 2017, Plaintiff filed this action, contending that the Martin Lawsuit is not covered under the American Home Policy.

American Home filed the present motion for summary judgment, seeking a ruling confirming that American Home has an obligation to defend Fisher against the Martin Lawsuit, thereby negating Plaintiff's claim as a matter of law. The parties dispute whether the Policy provides coverage. For the following reasons the Court finds the Policy does provide coverage.

## Summary Judgment Standard

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A party who moves for summary judgment bears the burden of showing there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A court

must view the facts in light most favorable to the nonmoving party and allow the nonmoving party to benefit from all reasonable inferences to be drawn from the evidence. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986).

**Missouri law governs.**

Missouri law governs this diversity action. Sitting in diversity, the Court is bound by the decisions of the Missouri Supreme Court. *Qwest Commc'ns Co., LLC v. Free Conferencing Corp.*, No. 17-2412, 2018 WL 4568304, at *3 (8th Cir. Sept. 25, 2018). Under Missouri law, "the interpretation of an insurance contract is generally a question of law, particularly in reference to the question of coverage." *D.R. Sherry Constr., Ltd. v. Am. Family Mut. Ins. Co.*, 316 S.W.3d 899, 902 (Mo. 2010). Under Missouri rules of construction, the language in an insurance contract is given its plain meaning. *Shahan v. Shahan*, 988 S.W.2d 529, 535 (Mo. 1997).

**Discussion**

Defendant argues it owes a duty to at least defend Fisher in the Underlying Lawsuit because the policy separates "insureds" as enumerated in the policy language, and therefore the "employee" exclusion does not apply because Martin is not an "employee" of Fisher, the insured. The Court agrees.

The Policy lists the insured as

**2. Who Is An Insured**

The following are "insureds":

a. [Plaintiff] for any covered "auto"

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow . . .

The Policy excludes coverage for acts resulting in:

"Bodily injury" to:

a. An 'employee' of the 'insured' arising out of and in the course of:

(1) Employment by the "insured;" or

(2) Performing the duties related to the conduct of the "insured's" business:

or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or liability assumed by the "insured" under an "insured contract." For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

The policy also contains a severability clause: the coverage afforded applies

separately to each insured who is seeking coverage or against whom a claim or

"suit" is brought.

Fisher was driving with Plaintiff's permission. He is therefore "an insured" who is covered by the policy. In order for the employee exclusion to apply to the underlying Martin claim, therefore, Martin must be an "employee" of the "insured" Fisher. The *Baker* court specifically held that a severability clause "mean[s] that when applying the coverage to any particular insured the term 'insured' is deemed to refer only to the insured who is claiming coverage under the policy with respect to the claim then under construction." *Baker v. DePew,* 860 S.W.2d 318, 320 (Mo. Banc 1993. The *DePew C*ourt explained: "One simple method of visibly demonstrating the impact of the severability clause is to insert the name of the applicable insured immediately following the term 'insured' in the relevant provisions." *Id.* Applying the *DePew* Court's method to this case, the Court concludes that the exclusion clause does not exclude Fisher's claim on the policy. Martin is *not* an employee of Fisher, and therefore, the exclusion is not triggered. *Id.* at 321–322.

## Conclusion

Based upon the foregoing analysis, the severability clause contained in the policy at issue does not preclude Defendant from satisfying its obligations under the policy. The Martin claim against Fisher is potentially within the scope of the

Policy and therefore, Defendant has an obligation to defend Fisher. Coverage is not excluded. Defendant is therefore entitled to summary judgement. Plaintiff is not entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 19], is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. No 22], is denied.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 16th day of October, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE